JAY EDELSON (Admitted *Pro Hac Vice*)
jedelson@edelson.com
STEVEN L. WOODROW (Admitted *Pro Hac Vice*)
swoodrow@edelson.com
RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

SEAN P. REIS (No. 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

*Attorneys for Plaintiff and the Settlement Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY DUCHARME, individually and on behalf of a Class of similarly situated individuals, | Case No. 10-cv-2763-CRB |
| Plaintiff, | **REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT** |
| v. | |
| JOHN C. HEATH ATTORNEY AT LAW, PLLC, a Utah professional limited liability company d/b/a LEXINGTON LAW FIRM; ADAM C. FULLMAN, an individual d/b/a LEXINGTON LAW FIRM CALIFORNIA, a registered California Credit Services Organization, | Honorable Charles R. Breyer |
| Defendants. | |

## FINAL APPROVAL ORDER

WHEREAS, a putative class action is pending before the Court entitled *Mary Ducharme v. John C. Heath Attorney at Law PLLC et al.,* Case No. 10-cv-2767-CRB; and

WHEREAS, Plaintiff and Defendants JOHN C. HEATH ATTORNEY AT LAW, PLLC, a Utah professional limited liability company d/b/a LEXINGTON LAW FIRM; ADAM C. FULLMAN, an individual d/b/a LEXINGTON LAW FIRM CALIFORNIA, a registered California Credit Services Organization (collectively, "Defendants") have agreed on a Settlement Agreement dated September 28, 2011 which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Amended Settlement Agreement"), and the Court having read and considered the Amended Settlement Agreement and Exhibits attached thereto, and the Court having considered all of the submissions and arguments with respect to the Motion for Final Approval and having held a Fairness Hearing on March 16, 2012;

WHEREAS, on December 8, 2011, this Court preliminarily approved the Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> All Persons in the United States who, between June 24, 2005 and December 8, 2011, entered into a credit repair contract with Heath PLLC or Fullman or any related or affiliated entities or individuals, including but not limited to any entities or individuals known as Lexington Law Firm or Lexington Law California;

WHEREAS, Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct email notice and U.S. mail notice, and the creation of a settlement website, fully complied with the requirements of Fed. R. Civ. P. 23 and Due Process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action;

WHEREAS, the Amended Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of a mediator, Judge Gary Taylor (Ret.), and Magistrate Judge Jacqueline Scott Corley and thus, is supported by Plaintiff and Settlement Class Counsel;

WHEREAS, the Settlement as set forth in the Amended Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal;

WHEREAS, the settlement consideration provided under the Amended Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Defendants. The Court finds that the settlement consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing a trial on the merits;

WHEREAS, the persons listed as having filed timely requests for exclusion listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Amended Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Amended Settlement Agreement in accordance with its terms. The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Amended Settlement Agreement, except for the Party listed on Addendum A as having filed an untimely exclusion who will be found to have validly excluded herself from the Settlement.

2. The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All Persons in the United States who, between June 24, 2005 and December 8, 2011, entered into a credit repair contract with Heath PLLC or Fullman or any related or affiliated entities or individuals, including but not limited to any entities or individuals known as Lexington Law Firm or Lexington Law California.

3. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiff are typical of the claims of the Settlement Class; the Plaintiff will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

4. The preliminary appointment of the following attorneys as Settlement Class Counsel is hereby confirmed:

Jay Edelson, Esq.
Rafey S. Balabanian, Esq.
Steven L. Woodrow, Esq.
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

5. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class.

6. The Action is hereby dismissed with prejudice. This dismissal with prejudice shall not allow the Parties or any members of the Settlement Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims. This judgment has been entered without any admission by Defendants of liability or as to the merits of any of the allegations in the Complaint.

7. The Parties are directed to distribute the certificates for Identity Protect or Credit Maintenance services to the Settlement Class pursuant to Section IV(D) of the Amended Settlement Agreement.

8. Defendants have deleted the following language from their contracts with clients: "In consideration of the Firm's legal services and low monthly fee, you agree . . . to only communicate with the credit bureaus through the Firm's written correspondence." Defendants

further agree to refrain from taking any other action that prohibits their customers from having direct contact with the credit bureaus.

9. The Releasing Parties release and forever discharge the Released Defendants from the Released Claims.

　　A. As used in this Order, the "Releasing Parties" shall mean Plaintiff, each Settlement Class Member (except a member of the Settlement Class who has obtained proper and timely exclusion from the Settlement Class pursuant to Section III(C) of the Amended Settlement Agreement and Paragraph 1 above).

　　B. As used in this Order, the "Released Defendants" or "Released Parties" shall mean Heath PLLC and Fullman, and their present or former shareholders, owners, insurers, officers, directors, employees, attorneys, agents, administrators, successors, assigns, and all past, present or future subsidiaries, partners, joint venturers, d/b/a's ("doing business as"), corporate affiliates, sister corporations, parents, divisions, and predecessors, and any other related or affiliated entities or individuals, including but not limited to Lexington Law Firm and Lexington Law California and any such entities or individuals affiliated with Heath PLLC or Fullman on or before December 8, 2011.

　　C. The Released Defendants shall forever be released and discharged from any and all legal or equitable claims (arising on or before December 8, 2011) including Unknown Claims that the Named Plaintiff and Settlement Class Members had or may have had based on any Released Party's violation of the federal Credit Repair Organizations Act; and the Released Defendants shall forever be released and discharged from any and all legal or equitable claims (arising on or before December 8, 2011) that the Named Plaintiff and Settlement Class Members had or may have had based on any Released Party's selling, providing or performing (or representing that such person can or will sell, provide, or perform) the service of improving a consumer's credit record, history, or rating (including providing advice or assistance to the consumer with regard to improving the consumer's credit record, history, or rating or providing disclosures as a result of providing credit repair services).

10. The Court awards to Settlement Class Counsel $965,000.00 as reasonable attorneys' fees and costs.

11. The Court awards to Plaintiff Mary Ducharme $10,000.00 as an Incentive Award for her role as Class Representative.

12. "Unknown Claims" means claims that could have been raised in this Litigation and that the Plaintiff or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might have affected his, her or its decision to accept this agreement to release the Released Parties from the claims involved in the Litigation or might affect his, her or its decision to agree, object or not to object to the Agreement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

13. Upon the Effective Date, Plaintiff, Settlement Class Members, and all other Persons whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of the United States, any state or territory of the United States, or principle of state or federal common law or statutory law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiff and the Class Members acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release or the law applicable to such claims, and they acknowledge that such law may change, but that it is their intention to finally and forever settle and release the Released Defendants, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

14. The Parties to the Amended Settlement Agreement expressly acknowledge and agree

1  that the Amended Settlement Agreement is for purposes of the settlement of this Litigation only.
2  Neither the fact of, nor any provision contained in, the Amended Settlement Agreement nor any of
3  the implementing documents or actions taken under them, shall constitute, or be construed as, any
4  admission of the validity of any claim, any status, or any fact alleged in the Litigation or any fault,
5  wrongdoing, violation of law, or liability of any kind on the part of Defendants, or any admission
6  by Defendants of any claim or allegation made in any action or proceeding against Defendants. By
7  entering into the Amended Settlement Agreement, Defendants did not and do not admit, and
8  specifically deny, that this Litigation or any action like it is appropriate for adversarial class action
9  certification or adjudication.

10      15.     Nothing in the Amended Settlement Agreement shall be construed by any party or
11  Settlement Class Member as an admission by Defendants that this case is appropriate or amenable
12  to class certification for trial purposes, nor shall the Amended Settlement Agreement prevent
13  Defendants from opposing class certification or seeking de-certification of the Settlement Class if
14  final approval of this settlement is not obtained, or if appealed, is not affirmed on appeal, for any
15  reason. The Amended Settlement Agreement shall not be used, offered, or admissible in evidence in
16  any way or in any action or proceeding except: (1) the hearings necessary to obtain and implement
17  Court approval of this proposed settlement, or (2) any hearing to enforce the terms of the Amended
18  Settlement Agreement or any related order by the Court.

19      16.     Nothing in the Amended Settlement Agreement shall prevent Defendants from
20  complying with the law as it may exist now or in the future, or from making future changes to their
21  contracts with clients or business practices if consistent with applicable statutes, statutory
22  amendments, exemptions, regulations, or case law precedent. Furthermore, nothing in the Amended
23  Settlement Agreement shall prevent Defendants from complying with their obligations under the
24  Fair Credit Reporting Act, the Fair and Accurate Credit Transactions Act, or any similar federal or
25  state statute, and the accompanying regulations.

26      17.     Neither the fact of, nor any provision contained in, the Amended Settlement
27  Agreement shall constitute, or be construed as, any admission by the Plaintiff that any of the claims
28

or facts alleged in the Litigation lacked merit. Plaintiff maintains that she would have prevailed on class certification and the merits had the Parties not agreed to the Amended Settlement Agreement.

18.   Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Defendants, Plaintiff, and Settlement Class Members regarding the Amended Settlement Agreement and this Final Judgment Order. Defendants, Plaintiff, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Amended Settlement Agreement, including but not limited to the applicability of the Released Claims, this Amended Settlement Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Amended Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Amended Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19.   The Objections filed on behalf of Derrick J Anders, Hue Phi Lan Nguyen, and Paul Anders, are deemed withdrawn and the Court finds no objections to the Settlement are now pending before the Court.

20.   Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Amended Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED, this 16 day of March, 2012.

Enter: _____
United States District Court Judge

# ADDENDUM A

## TIMELY EXCLUSIONS

| Claim ID: | Last Name: | First Name: | Postmark Date: |
|---|---|---|---|
| 900001801 | BLANCHARD | VICTORIA | 1/9/12 |
| 900013001 | BOWMAN-CROPPER | ALICE | 2/24/12 |
| 900005201 | CLINTON | ARIONE J | 1/10/12 |
| 900018801 | CROPPER | SOLOMON | 2/24/12 |
| 900010901 | EGBARIN | NITOR V | 1/30/12 |
| 900003501 | GREIZLER | JELENA | 1/6/12 |
| 900011201 | HARRIS | GREGORY T | 2/2/12 |
| 900017401 | HORVAT | VASHTI | 2/22/12 |
| 900002101 | KERN E | KAREN | 1/6/12 |
| 900002101 | KERN E | KAREN | 1/12/12 |
| 900014301 | LAGRAND | OTELLO | 2/22/12 |
| 900006601 | MACLAM | REBECCA JANE | 1/17/12 |
| 900008301 | MEISSNER | JEFF | 1/25/12 |
| 900009701 | MEISSNER | LANA | 1/25/12 |
| 900004901 | RALEIGH | STEPHEN V | 1/6/12 |
| 900012601 | SIMMA | KATE | 2/2/12 |
| 900016001 | VANG | TONG | 2/16/12 |

## LATE EXCLUSIONS

| Claim ID: | Last Name: | First Name: | Postmark Date: |
|---|---|---|---|
| 900015701 | HIRMIZ | LAURA | 2/25/12 |